**MELLINGER KARTZMAN LLC**
101 Gibraltar Drive, Suite 2F
Morris Plains, New Jersey 07950
Steven P. Kartzman, Esq.
Tel. (973) 267-0220
skartzman@msklaw.net
*Attorneys for Steven P. Kartzman, Chapter 7 Trustee*

**Order Filed on March 30, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| | |
|---|---|
| In re:<br><br>**ALICIA JONES**,<br><br>                    Debtor. | **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY**<br><br>Case No. 18-32198 (VFP)<br><br>Chapter 7<br><br>Honorable Vincent F. Papalia |

**ORDER (I) APPROVING PRIVATE SALE OF PROPERTY OF THE ESTATE FREE
AND CLEAR OF LIENS, CLAIMS AND INTERESTS PURSUANT TO
11 U.S.C. § 363; (II) AUTHORIZING DISTRIBUTION OF SALE PROCEEDS; (III)
DIRECTING THE DEBTOR TO VACATE; (IV) WAIVING 14 DAY STAY OF
ORDER; AND (V) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through six (6), is hereby

ORDERED.

**DATED: March 30, 2020**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

Debtor:     Alicia Jones
Case No.:   18-32198 (VFP)
Caption:    Order (i) Authorizing the Private Sale of Property of the Estate Free and Clear of Liens, Claims and Interests Pursuant to 11 U.S.C. § 363; (ii) Authorizing Distribution of Sale Proceeds; (iii) Directing the Debtor to Vacate; (iv) Waiving 14 Day Stay of Order; and (v) Granting Related Relief

THIS MATTER having been brought before the Court by Steven P. Kartzman, the Chapter 7 Trustee (the "Trustee"), by and through his attorneys Mellinger, Sanders & Kartzman, LLC, for entry of an order (i) Authorizing the Private Sale of Property of the Estate Free and Clear of Liens, Claims and Interests Pursuant to 11 U.S.C. § 363; (ii) Authorizing Distribution of Sale Proceeds; (iii) Directing the Debtor to Vacate; (iv) Waiving 14 Day Stay of Order; and (v) Granting Related Relief (the "Motion"); and it appearing that notice of the motion has been duly served; and the Court having considered opposition to the Motion and the arguments of counsel, if any, and good cause having been shown, it is hereby:

**ORDERED AS FOLLOWS:**

1.      The Trustee be, and is hereby, authorized and directed to sell the property located at 59 Brookdale Avenue, Newark, New Jersey (the "Property"), to Cemeco Newark LLC by Marcus Elias (the "Purchaser") for the sum of $245,000, free and clear of all liens, claims, interests, and encumbrances, with any valid liens, claims, encumbrances, or interests not avoided herein, to attach to the proceeds of sale in the same order of their priority pursuant to 11 U.S.C. § 363(b) and (f).

2.      The Purchaser is deemed to be good faith purchasers for value within the meaning of 11 U.S.C. § 363(m).

3.      The Trustee shall be and hereby is authorized and directed to convey title to the Purchaser, or any entity that the Purchaser forms to take title to the Property in its stead (hereinafter referred to collectively as the "Purchaser"), and to take all actions as may reasonably be required that are consistent with this Order for the purpose of effectuating the proposed sale.

Debtor:        Alicia Jones
Case No.:      18-32198 (VFP)
Caption:       Order (i) Authorizing the Private Sale of Property of the Estate Free and Clear of Liens, Claims and Interests Pursuant to 11 U.S.C. § 363; (ii) Authorizing Distribution of Sale Proceeds; (iii) Directing the Debtor to Vacate; (iv) Waiving 14 Day Stay of Order; and (v) Granting Related Relief

---

4.      The stay of any sale pursuant to the terms of this Order as set forth in Rule 6004(h) of the Federal Rules of Bankruptcy Procedure is hereby waived, and the Trustee and Purchaser may consummate the sale approved herein immediately upon entry of this Order.

5.      After the closing, the Trustee is authorized and directed to distribute the sale proceeds as follows:

a.      in the first place, the amount needed to satisfy in full any pre-petition and/or post-petition municipal taxes or other municipal liens in favor of the City of Newark;

b.      in the second place, to KW Midtown Direct Realty the sum of $12,250, reflecting the 5% commission to be paid pursuant to the listing agreement with KW Midtown Direct Realty;

c.      in the third place, approximately $57,126.36, or the full amount then due, to Wilmington Savings Fund Society, FSB D/B/A Christina Trust, not Individually but as Trustee for Premium Mortgage Acquisition Trust, or to Selene Finance LP, in full satisfaction of the Foreclosure Judgment against the Property;

d.      in the fourth Place, to the U.S. Treasury the sum of $31,185.00, as payment in full of the Department of Justice Notice of Lien for Fine and/or Restitution Imposed Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996.

e.      in the fifth place, payment to the Trustee of the Trustee's necessary fees and costs in preserving and selling the Property pursuant to 11 U.S.C. 503 subject to appropriate application of the trustee as to the amount of such necessary fees and expenses.  The amount of such fees and expenses may be estimated and held in escrow pending Court approval; and

f.      in the sixth place, to the estate with the balance of the proceeds being distributed in the order of priority provided by the Bankruptcy Code.

6.      Following receipt of payment in full, all lien holders shall file a Release or Discharge of Lien.

Debtor:      Alicia Jones
Case No.:    18-32198 (VFP)
Caption:     Order (i) Authorizing the Private Sale of Property of the Estate Free and Clear of Liens, Claims and
             Interests Pursuant to 11 U.S.C. § 363; (ii) Authorizing Distribution of Sale Proceeds; (iii) Directing the
             Debtor to Vacate; (iv) Waiving 14 Day Stay of Order; and (v) Granting Related Relief

---

7.      The realtor's commission shall be paid from the sales proceeds without the need

to file a fee application pursuant to D.N.J. LBR 6004-5.

8.      The sale of the Property shall be free and clear of all liens, claims and interests

pursuant to 11 U.S.C. § 363, with any valid liens, if any, to attach to the sale proceeds.

9.      The Debtor shall vacate the Property within 14 calendar days of entry of this

Order, unless the Debtor and the Purchaser agree on rental terms which allow the Debtor to

remain in the Property.

10.     The Sale of the Property shall be free and clear of the May 20, 1998 Mortgage

granted to Unified Vailsburg Services, and same shall not attach to the proceeds of sale.

11.     The Sale of the Property shall be free and clear of the judgment against the Debtor

in favor of the United States of America from case number 13CR00101, and this judgment shall

not attach to the proceeds of sale.  The USA shall have a timely filed general unsecured claim if

it files a proof of claim within 30 days of the date of entry of this Order.

12.     The Sale of the Property shall be free and clear of the Recognizance Bond against

the Debtor bearing recognizance number NEW4362 from case number 13CR00101 in favor of

the United States of America in favor of the United States of America, and this judgment shall

not attach to the proceeds of sale.

13.     The sale of the Property shall be free and clear of the Affidavit of Confession of

Judgment in which the Debtor agreed to secure a bail bond in the U.S. District Court for the

Southern District of New York in the amount of $500,000.00 for the release of her brother,

Debtor:      Alicia Jones
Case No.:    18-32198 (VFP)
Caption:     Order (i) Authorizing the Private Sale of Property of the Estate Free and Clear of Liens, Claims and
             Interests Pursuant to 11 U.S.C. § 363; (ii) Authorizing Distribution of Sale Proceeds; (iii) Directing the
             Debtor to Vacate; (iv) Waiving 14 Day Stay of Order; and (v) Granting Related Relief

---

Arnold Rogers, in the case of United States v. Arnold Rogers, Magistrate No. 10MAG2189, and

this judgment shall not attach to the proceeds of sale.

14.     The sale of the Property shall be free and clear of the following nine (9) Federal

Tax Liens filed by the Internal Revenue Service, and said liens shall not attach to the proceeds of

sale.  The Internal Revenue Service shall receive a distribution on its proof of claim in the

ordinary course of administration of this case, on account of the nine (9) Federal Tax Liens filed:

a.  Federal Tax Lien 1, dated April 7, 2015 and recorded in Book 12556 at Page 6357
    on May 27, 2015 in the amount of $46,129.02;

b.  Federal Tax Lien 2, dated May 15, 2015 and recorded in Book 12559 at Page
    2756 on June 15, 2015 in the amount of $25,627.11;

c.  Federal Tax Lien 3, dated June 26, 2015 and recorded in Book 12565 at Page
    5389 on July 17, 2015 in the amount of $2,756.82;

d.  Federal Tax Lien 4, bearing instrument number 2016029097 dated March 14,
    2016 and recorded on April 5, 2016 in the amount of $299,473.37;

e.  Federal Tax Lien 5, bearing instrument number 2016035826 dated April 8, 2016
    and recorded on April 26, 2016 in the amount of $89,513.57;

f.  Federal Tax Lien 6, bearing instrument number 2016060517 dated June 30, 2016
    and recorded on July 19, 2016 in the amount of $3,003.62;

g.  Federal Tax Lien 7, bearing instrument number 2017067634 dated July 20, 2017
    and recorded on August 2, 2017 in the amount of $14,000.00;

Debtor:      Alicia Jones
Case No.:    18-32198 (VFP)
Caption:     Order (i) Authorizing the Private Sale of Property of the Estate Free and Clear of Liens, Claims and
             Interests Pursuant to 11 U.S.C. § 363; (ii) Authorizing Distribution of Sale Proceeds; (iii) Directing the
             Debtor to Vacate; (iv) Waiving 14 Day Stay of Order; and (v) Granting Related Relief

_____

h.  Federal Tax Lien 8, bearing instrument number 2019035821 dated April 9, 2019

and recorded on April 18, 2019 in the amount of $4,223.59; and

i.  Federal Tax Lien 9, bearing instrument number 2019049615 dated April 8, 2019

and recorded on May 30, 2019 in the amount of $116,806.74 (collectively the

"Federal Tax Liens").

15.    The sale of the Property shall be free and clear of the tax sale certificate bearing

Cert. No. 203242 and sold on December 16, 1999 to the Tax Collector City of Newark.  The Tax

Collector shall discharge or cancel that certificate without payment.

16.    Pursuant to 11 U.S.C. § 522(c), the Debtor is not entitled to an exemption in the

proceeds of sale under either 11 U.S.C. §§ 522(d)(1) or 522(d)(5).

17.    The Court shall retain jurisdiction to enforce the terms of the within Order,

including fixing the amounts due to secured, unsecured and administrative claimants, failing a

consensual resolution with the Trustee.

18.    In the event that the Debtor does not agree on rental terms which allow the Debtor

to remain in the Property, and fails to vacate the Property within 14 calendar days of entry of this

Order, the Court will enter an Order directing the U.S. Marshal to remove the Debtor, following

receipt of a Certification from the Chapter 7 Trustee, on Notice to the Debtor.

19.    A copy of this Order shall be served on all parties who are affected by this action

within seven (7) days of the date hereof.

United States Bankruptcy Court
District of New Jersey

```
In re:                                                          Case No. 18-32198-VFP
Alicia Jones                                                    Chapter 7
        Debtor
```

# CERTIFICATE OF NOTICE

```
District/off: 0312-2          User: admin              Page 1 of 1              Date Rcvd: Mar 31, 2020
                              Form ID: pdf903          Total Noticed: 1
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 02, 2020.
db                +Alicia Jones,    59 Brookdale Avenue,    Newark, NJ 07106-1813

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                       TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                       TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 02, 2020                              Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 30, 2020 at the address(es) listed below:
        Denise E. Carlon    on behalf of Creditor   Wilmington Savings Fund Society, FSB, d/b/a Christiana
         Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust
         dcarlon@kmllawgroup.com,   bkgroup@kmllawgroup.com
        Joseph R Zapata, Jr.    on behalf of Trustee Steven P. Kartzman jzapata@msklaw.net
        Laura M. Egerman    on behalf of Creditor   Wilmington Savings Fund Society, FSB, d/b/a Christiana
         Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust bkyecf@rasflaw.com,
         bkyecf@rasflaw.com;legerman@rasnj.com
        Marie-Ann Greenberg    magecf@magtrustee.com
        Michelle Labayen    on behalf of Debtor Alicia  Jones michelle@labayenlaw.com,
         silvia@labayenlaw.com;giovanna@labayenlaw.com
        Rebecca Ann Solarz    on behalf of Creditor   Wilmington Savings Fund Society, FSB, d/b/a
         Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust
         rsolarz@kmllawgroup.com
        Steven P. Kartzman    on behalf of Trustee Steven P. Kartzman kartztee@optonline.net,
         jzapata@msklaw.net;nj16@ecfcbis.com;jloewenstein@msklaw.net;denisew@msklaw.net
        Steven P. Kartzman    kartztee@optonline.net,
         jzapata@msklaw.net;nj16@ecfcbis.com;jloewenstein@msklaw.net;denisew@msklaw.net
        U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
        William M.E. Powers    on behalf of Creditor   U.S. Bank National Association, as Trustee for
         Citigroup Mortgage Loan Trust 2007-WFHE2, Asset-Backed Pass-Through Certificates, Series
         2007-WFHE2 ecf@powerskirn.com
        William M.E. Powers, III    on behalf of Creditor   U.S. Bank National Association, as Trustee for
         Citigroup Mortgage Loan Trust 2007-WFHE2, Asset-Backed Pass-Through Certificates, Series
         2007-WFHE2 ecf@powerskirn.com
                                                                                       TOTAL: 11
```