Michelle Labayen, 2960
Law Office of Michelle Labayen PC
24 Commerce Street Suite 1300
Newark NJ 07102
michelle@bankruptcynyc.com
**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

IN RE:

    ALICIA JONES                                   Case No.: 18-32198
                                                           Hon. Vincent Papalia

    **Debtor.**                                         Bankruptcy Judge

**REPLY TO THE TRUSTEE'S OPPOSITION TO COMPEL ABANDONMENT**

Now comes ALICIA JONES (hereinafter "Debtor") by and through her attorney Michelle Labayen of the Law Offices of Michelle Labayen and moves this Honorable Court for entry of an Order To Compel Abandonment (the "Motion") [Dkt. No. 135] pursuant to 11 U.S.C 554 (b) due to inconsequential value and Federal Bankruptcy Rule of Procedure 4003(c) based on the untimeliness of the trustee objection to the debtor's original scheduled exemption from 2019.

### *Background*

The Debtor filed for Chapter 13 Relief under 11 U.S.C of the Bankruptcy Code on November 8, 2018 (ECF 1). The Debtor's main concern was to keep her home. The debtor's property had been encumbered with Restitution Liens and Federal Tax liens going back to 2006. The debtor occupied the home with her daughter and grandson while the liens remained on the home. The Debtor properly scheduled her three vehicles in 2018 which were a 2011 Land Range Rover, 2007 BMW and 2008 Mercedes Benz on Schedule C and Schedule D (Exhibit A). The Land Rover was fully secured by a car lien with Wells Fargo (Exhibit B). The amount owed on the vehicle was $8696 and the value was $8753. Schedule C provided for the exemption for the

1

vehicles that were without a security interest.  On September 11, 2019, the Motion for Relief of Stay was Granted on the debtor's residence 59A Brookdale Ave Newark NJ 07102 ( "residence") ( ECF 74).  On October 3, 2019, the debtor amended her schedules in lieu of the Order granting relief from the Automatic Stay on her residence . The 341 meeting was held on October 3, 2019. The values of the unsecured cars totaled $7861 in 2018. The trustee did not object to the value of the vehicles nor the exemptions for the vehicles. The Trustee failed to object to any valuation or exemptions in 2019 or in 2020.  On January 12, 2021, the Clerk requested for the Trustee Report or Status update ( ECF 130). On January 19, 2021, the trustee filed a report that he was " reviewing claims, preparing a final fee application and will then prepare a Final Report" (Exhibit C). The trustee makes no mention of any additional assets or a need to retain an appraiser. The trustee indicates that he is preparing to close the case with a final report. For unknown reasons, it is not until June 1, 2021, that the trustee provides a Status Update in regards to vehicles.

## *Legal Standard*

11 U.S.C. §522(1)   "The debtor shall file a list of property that the debtor claims as exempt under subjection (b) of this section. . . . Unless a party in interest objects, the property claimed as exempt on such list is exempt.  11 U.S.C §554(b) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.  Federal Rule of Bankruptcy Procedure 4003(b) states: "[A] party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under §341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The Court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension." Fed. R. Bankr. P. 4003(b)(1).  See 3 William L. Norton III, Norton

Bankruptcy Law & Practice § 56.1 (3d ed. 2019); *Law v. Siegel*, 571 U.S. 415, 427 (2014) (quoting *Schwab V. Reilly*, 560 U.S. 770, 791 (2010) ("[I]n crafting the provisions of § 522 'Congress balanced the difficult choices that exemption limits impose on debtors with the economic harm that exemptions visit on creditors.'"). Norton, *supra* note 4, at § 56.1; *see also In re Krebs*, 527 F.3d 82, 85 (3d Cir. 2008) ("The historical purpose of exemption laws has been to protect a debtor from [her] creditors, to provide [her] with the basic necessities of life so that even if [her] creditors levy on all of [her] nonexempt property, the debtor will not be left destitute and a public charge.")

### A. The vehicles are of inconsequential value therefore Abandonment is appropriate.

This power to liquidate property of the estate, however, "will not be exercised unless it is made to appear that there is a fair prospect of the property being sold for substantially more than enough to discharge the lien or liens upon it." *Hoehn v. McIntosh*, 110 F.2d 199, 202 (6th Cir. 1940). The trustee, in other words, must generally abandon property that does not possess substantial equity. *See In re Feinstein Family P'ship*, 247 B.R. 502, 507 (Bankr. M.D. Fla. 2000). The trustee did not object to the valuations of the car in 2019 nor objected to the exemption for the cars. The 2011 Land Rover was at the time of filing secured by a lien. The 2007 BMW was fully exempt for the amount of $3756 and valued at $3756 and the 2008 Mercedes was valued at $4105. The full values of the vehicles in 2018 were $7861 with a car exemption of $3756; for the BMW thereby leaving $4105 as unexempt of the Mercedes. The total IRS debt, that the trustee refers to in his opposition, is over $500,000. $4105 is inconsequential to such a large debt and balanced against the need of the debtor to avoid becoming destitute.

### B. The trustee failed to object to the Debtor's exemption within 30 days of the 341 meeting as provided by Federal Rule of Bankruptcy Procedure 4003(1)

In *Marchand v. Russo (In re Russo)*, Civil No. 13-03132 (RBK) (D.N.J. Aug. 13, 2013), The Bankruptcy Court found that the timeliness of the Trustee's objection was easily resolved under Taylor. In Taylor, the Supreme Court held that a trustee may not contest the validity of a claimed exemption after the 30-day period set forth in Rule 4003(b) has expired, even when the debtor had no colorable basis for claiming the exemption. In this case the debtor in 2019 listed the exempted vehicles, provided the provisions that governed the claim and listed an amount in the value of claimed exemptions. The Trustee did not object within the 30-day time period after the 341 nor did the trustee file an extension to object.

The Debtor amended her schedules in lieu of the trustee's June 1, 2021, status update to the clerk's office concerning the debtor's vehicles. Although the trustee did timely object to the 2021 amendment, it would leave in the place the *unobjected* exemptions in 2019. If a trustee suspects that the market value of property claimed as exempt may exceed a debtor's estimate or otherwise not be valid "[H]e should do just what Rule 4003(b) prescribes: "[F]ile an objection . . within 30 days after the meeting of creditors." Schwab v. Reilly, 560 U.S. 770, 130 S. Ct. 2652, 177 L. Ed. 2d 234(2010).

### C. The Trustee should not receive a windfall for delay in objecting to values of the vehicles nor the exemptions.

*In re Peterson*, 897 F.2d 935 (8th Cir. 1990) holding that the law and facts as they existed on the date of the debtor's bankruptcy filing, determine a debtor's available exemptions and permits a debtor in bankruptcy to claim as exempt an interest in entireties property to the extent that this interest is exempt from process under applicable non bankruptcy law. In *Napotnik v.*

*Equibank and Parkvale Savings Ass'n*, 679 F.2d 316, 318 (3d Cir. 1982). On the date of the Debtor's bankruptcy filing the 2011 Land Rover was secured by a loan to Wells Fargo for $8698. The trustee would not have been able to seize the debtor's vehicle then and should not be awarded by his delay to benefit from the debtors' years of payment of $745. Furthermore, the valuation of the cars is based on the unprecedent condition of Covid and a shortage of microchips in used cars. The incredible exponential value was not foreseen at the filing of the bankruptcy and therefore the valuation should be considered from the filing date. The value at the filing date would see that it is an inconsequential amount and will not provide "substantial equity" *See In re Feinstein Family P'ship*, 247 B.R. 502, 507 (Bankr. M.D. Fla. 2000). It is furthermore an inconsequential value in view of the prospects for leaving the debtor destitute. In 2019, the debtor reasonably relied upon the discharge order and the statements at Court made by the Trustee that the denial of her exemption for her homestead would resolve the IRS claims and provide her with a fresh start.

### D. The Trustee would violate the Law of Exemptions and Leave the Debtor Destitute

The Law of Exemptions exist to protect "property essential to life and livelihood" from the collection efforts of creditors. Exemptions are provided by nearly every state and by the United States Congress (through the Bankruptcy Code) to protect debtors from "destitution and, as a consequence, dependence upon the public support. Together with the discharge, exemptions provide the principal way in which a debtor receives her fresh start in bankruptcy. Because of that, exemption provisions are liberally construed." *See* 3 William L. Norton III, Norton Bankruptcy Law & Practice § 56.1 (3d ed. 2019); *Law v. Siegel*, 571 U.S. 415, 427 (2014) (quoting *Schwab V. Reilly*, 560 U.S. 770, 791 (2010).

5

Due to the sale of her residence the debtor lives with her family at 30 Water Wheel Lane in Easton Pennsylvania. The debtor works in Newark New Jersey which is 63.2 miles away (one way) from her job. (Exhibit D). The debtor uses her 2011 Land Rover to travel from Pennsylvania to New Jersey to support her family. Due to the bankruptcy the debtor can not afford another vehicle nor could qualify for a reasonably priced car. The Debtor would be left destitute without a car preventing her to go to work, to earn income and to support her family and she would have to depend upon public support.

### *Conclusion*

The Debtor respectfully requests this Court to Compel the Trustee to Abandon the Property and close the case. The need to retain an appraiser would be moot. The trustee failed to object to the 2018 valuation and exemptions in a timely manner pursuant to Federal Bankruptcy Rule and Procedure 4003. The Trustee's untimely response is an extreme detriment to the Debtor who completed her payments on her 2011 Land Rover. The debtor reasonably relied upon the trustee's representation that the sale of her residence would entitle her to a fresh start. The Court must not allow a woman who supports a child and travels nearly 124 miles round trip without the use of a vehicle for her basis ability to work and support her family. Finally, the IRS is not without means to seize, levy or otherwise lien against assets. If the IRS wants the debtor's cars, they have the ability to do so. Respectfully this Debtor request for the Court to GRANT our application for Compel Abandonment and to close this case.

Dated: Newark, NJ
July 9, 2021,                    By: */s/ Michelle Labayen*
                                      Michelle Labayen
                                      Attorney for the Debtor
                                      24 Commerce Street Suite 1300
                                      Newark, NJ 07102