# MELLINGER KARTZMAN LLC
## ATTORNEYS AT LAW

101 GIBRALTAR DRIVE
SUITE 2F
MORRIS PLAINS, N.J. 07950

Tel: (973) 267-0220
Fax: (973) 267-3979

www.msklawyers.com

LOUIS P. MELLINGER
STEVEN P. KARTZMAN
JUDAH B. LOEWENSTEIN
STEVEN A. JAYSON
SEYMOUR RUDENSTEIN (1933-1983)
JACOB MELLINGER (1928-2001)

OF COUNSEL
WALTER G. LUGER
PETER ROSEN
ROBERT D. ROSEN

Electronic Mail:
skartzman@msklaw.net
jloewenstein@msklaw.net
sjayson@msklaw.net

July 13, 2021

**VIA ECF**
Hon. Vincent F. Papalia
United States Bankruptcy Court
Martin Luther King, Jr. Federal Building
50 Walnut Street, 3rd Floor
P.O. Box 1352
Newark, New Jersey 07101-1352

        Re:    Alicia Jones
                Case No. 18-32198 (VFP)

Dear Judge Papalia:

This firm represents Steven P. Kartzman, as Chapter 7 Trustee for Alicia Jones (the "Trustee"), in the above-referenced matter. Please accept this letter brief in lieu of a more formal brief in further opposition to Debtor's Motion to Compel Abandonment (the "Motion") [Dkt. No. 135].

### THE STANDARD FOR ABANDONMENT

"The party seeking to compel the trustee to abandon estate property bears the burden of establishing a prima facie case that 'the property is of inconsequential value and benefit to the estate.'" *In re Celentano*, No. 10-22833 (NLW), 2012 Bankr. LEXIS 4122, at *11 (Bankr. D.N.J. Sep. 6, 2012) (*quoting In re Paolella*, 79 B.R. 607, 610 (Bankr. E.D. Pa. 1987) (*citing In re Brannan*, 5 B.R. 505 (D.V.I. 1980)); *In re DiDario*, 232 B.R. 311, 313 (Bankr, D.N.J. 1999). "It is the movant who must make out a prima facie case." *Paolella*, 79 B.R. at 610. "A party seeking to compel abandonment pursuant to *Section 554(b)* has the burden of proving by a preponderance of the evidence that the property at issue is burdensome to the estate or of inconsequential value or benefit to the estate." *Lancer Ins. Co. v. Guru Glob. Logistic, LLC (In re Guru Glob. Logistic, LLC)*, 557 B.R. 842, 844 (Bankr. W.D. Pa. 2016).

Hon. Vincent F. Papalia
July 13, 2021
Page 2

A trustee can rebut a prima facie case for abandonment by presenting evidence that the estate does have some equity in the property, or some other form of value or benefit to the estate which would accrue to it by retention of the property. *Id*. "[T]he Court in deciding a motion brought pursuant to *Section 554(b)* will defer to a trustee's decision not to abandon property provided it finds that the trustee made a business judgment, in good faith, upon some reasonable basis, and within the scope of her authority. *In re Slack*, 290 B.R. 282, 284 (Bankr. D.N.J. 2003)." *Id*.

In *IN RE WILTON ARMETALE, INC.*, 618 B.R. 424, 435 (Bankr. E.D. Pa. 2020), the Court held that "A TRUSTEE MAY ABANDON PROPERTY OF THE ESTATE, WITHIN HIS DISCRETION, THAT HAS NO MEANINGFUL BENEFIT TO THE ESTATE. BLASINGAME, 2018 BANKR. LEXIS 1733, 2018 WL 10323373, AT *2 ("THE DECISION WHETHER TO ABANDON PROPERTY OF THE ESTATE IS LEFT TO THE TRUSTEE RATHER THAN COURT IN THE FIRST INSTANCE.") (CITATION OMITTED . . . . THE COURT CANNOT RELY ON SPECULATIVE INFORMATION OF VALUE . . . ." (emphasis in original).

### THE STANDARD FOR EXEMPTIONS AGAINST PROPERTY SUBJECT TO FEDERAL TAX LIENS

11 U.S.C. 522(c)(2)(B) states that:

> [u]nless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except—
>
> **(2)** a debt secured by a lien that is—
>
> **(B)** a tax lien, notice of which is properly filed . . . .

Courts have held that:

> It is clear from § 522(c)(2)(B) that Congress did not intend that any bankruptcy debtor could exempt any property from a perfected tax lien:
>
>> "Subsection (c) insulates exempt property from prepetition claims other than tax claims . . . The rule of *Long v. Bullard,* 117 U.S. 617, 6 S. Ct. 917, 29 L. Ed. 1004 (1886) is accepted with respect to the enforcement of valid liens on nonexempt property as well as on exempt property." (citations omitted). In view of § 522(c)(2)(B), there is no rational basis to ascribe to Congress an intent through § 522(h) that all debtors may eliminate tax liens perfected against exempt property. Such an interpretation would nullify § 522(c)(2)(B).
>
> *In re Perry,* 90 Bankr. 565, 566 (Bankr. S.D. Fla. 1988); *See also, In re Ridgley,* 81 Bankr. 65, 68 (Bankr. D. Or. 1987).

*Paratore v. IRS (In re Paratore)*, Nos. 94-21171, 94-2715, 1995 Bankr. LEXIS 508, at *9, 75 A.F.T.R.2d (RIA) 1995-2140 (Bankr. D.N.J. Mar. 29, 1995). (*see also In re Mattis*, 93 B.R. 68, 69 (Bankr. E.D. Pa. 1988) "11 U.S.C. § 522(c)(2)(B) bestows added protection upon perfected tax liens and provides that exempt property remains liable for a tax lien, notice of which has been properly filed."; *see also DeMarah v. United States (In re DeMarah)*, 62 F.3d 1248, 1252 (9th Cir. 1995) "Congress has denied debtors the right to remove tax liens from their otherwise exempt property. See 11 U.S.C. § 522(c)(2)(B). Moreover, we hold that even the penalty portion of the tax lien remains fixed on that property.").

## VALUE OF ESTATE PROPERTY

The value of the automobiles, albeit unsubstantiated, in 2018, when the Chapter 13 petition was filed, compared to the present, documented, value of the vehicles is irrelevant to whether the Trustee should have abandoned the vehicles, or whether the vehicles should be abandoned now. In *In re Celentano*, No. 10-22833 (NLW), 2012 Bankr. LEXIS 4122, at *13 (Bankr. D.N.J. Sep. 6, 2012) the Court held that "there is no requirement in § 554 and Bankruptcy Rule 6007 that limits a determination of the value of estate property or the extent of a secured claim to a 'snapshot' taken as of the petition date." The *Celentano* Court continued by holding that:

> Bankruptcy Code § 506(a)(1), also indicates that the court need not look solely to the Petition Date to value an interest. It directs that the value of a secured claim is determined "in light of the purpose of the valuation and of the proposed disposition and use of such property..." 11 U.S.C. § 506(a)(1). It is also well recognized that under § 541(a)(6) postpetition appreciation of estate property inures to the benefit of the bankruptcy estate. *Vu v. Kendall (In re Vu)*, 245 B.R. 644, 647-48 (9th Cir. B.A.P. 2000); *Schwaber v. Reed (In re Reed)*, 940 F.2d 1317, 1323 (9th Cir. 1991); *Paolella*, 85 B.R. at 977 (citing *Clark v. O'Neill (In re Clark)*, 711 F.2d 21, 23 (3d Cir. 1983))

*In re Celentano*, No. 10-22833 (NLW), 2012 Bankr. LEXIS 4122, at *15 (Bankr. D.N.J. Sep. 6, 2012).

In *In re Celentano*, the Debtors filed a Motion to Abandon certain property of the estate, reasoning "that they have demonstrated a lack of equity in the property." (*Id.* at *21). In denying the Debtors' Motion to Abandon, the Court found that "[a]s noted in *K.C. Machine & Tool*, 'an order compelling the trustee's abandonment is the exception rather than the rule.' 816 F.2d at 246." (*Id.*).

The holding in *In re Celentano* has been recently cited in two separate cases. (*see Coslow v. Reisz*, 811 F. App'x 980, 983 (6th Cir. 2020) "in general, post-petition increases in equity do become part of the bankruptcy estate, as long as the equity isn't payment for post-petition services. *Wilson v. Rigby*, 909 F.3d 306, 309 (9th Cir. 2018); *In re Celentano*, No. 10-22833 (NLW), 2012 Bankr. LEXIS 4122, 2012 WL 3867335, at *5 (Bankr. D.N.J. Sept. 6, 2012)."; *see also In re Barrera*, 620 B.R. 645, 654 (Bankr. D. Colo. 2020) "The *Hayes* court relied on several cases that stand for the proposition that the chapter 7 estate is entitled to the benefit of any postpetition increase in equity attributable to property of the

estate. *E.g. In re Celentano*, 2012 Bankr. LEXIS 4122, 2012 WL 3867335 (Bankr. D. N.J. 2012); *In re Prospero*, 107 B.R. 732, 736 (Bankr. C.D. Cal. 1989); *In re Croteau*, 2001 WL 1757049 at *1 (Bankr. D. N.H. July 19, 2001); *In re Shipman*, 344 B.R. 493, 494-95 (Bankr. N.D. W.V. 2006); *In re Paoella*, 1988 Bankr. LEXIS 699, 85 B.R. 974 (Bankr. E.D. Penn. 1988). The Court agrees with this general proposition. If the chapter 7 estate is left open for some period of time, and the assets appreciate or the liens are reduced during this period, then the chapter 7 estate will reap the benefit of that increase in equity."[1]

The Debtor erroneously relies upon the initial filing date to establish the value of and liens against the vehicles. However, the calculation of the equity in the vehicles is not set in concrete on that date. Also, the Debtor then received the benefit of use of the vehicles since the petition date. As the Court noted in *Berrera*, it is incumbent on the Debtor to file a motion to abandon early in a chapter 7 case, to avoid administration, if warranted. (*Berrera*, *supra*, 620 B.R. at 655). That the vehicles have value to the estate, and were never abandoned, does not allow the Debtor, *post hoc*, to seek an abandonment.

### THE DEBTOR'S VEHICLES ARE SUBJECT TO FEDERAL TAX LIENS AND HER "FRESH START" ARGUMENT IS CONTRARY TO LAW

The Debtor next argues that the Debtor is entitled to her exemptions, and the Trustee cannot "violate the law of exemptions and leave the Debtor destitute." [Dkt. No. 155 p. 5]. However, this argument misses the point. The exemptions in the Vehicles claimed by the Debtor were within the allowable amounts and not objectionable. Thus, the Trustee did not need to file an objection to the exemptions claimed here. The actual issue here is created by 11 U.S.C. § 522(c)(2)(B). That code section in essence provides that exempt property remains liable to tax liens.

The Debtor's "fresh start" argument does not alter this conclusion. The need for a fresh start, presumably underlying every Chapter 7 case that is filed, does not entitle the Debtor to keep valuable estate property without payment to the estate. *See In re Buchanan*, 270 B.R. 689, 695 (Bankr. N.D. Ohio 2001). The fresh start afforded to the Debtor is "the debt release . . . the right to keep exempt property, and the opportunity to start again." *Id.* Turnover of non-exempt property to fund a distribution to creditors "does not interfere with or run contrary to the Debtors' right to a fresh start. Stated simply, the Debtors are asking for relief that Congress has not provided to individuals filing Chapter 7 cases." *Id.* Accordingly, the "fresh start" argument does not vest the Debtor with additional rights and trump the Trustee's duties under 11 U.S.C. § 704 to collect and reduce to money the property of the estate. *See* 11 U.S.C. § 704(a).

The Trustee did not extinguish the Debtor's right to exemptions, the Debtor's failure to pay her taxes, and the I.R.S. properly filing nine (9) tax liens against the Debtor extinguished her right to claim the property subject to those liens as exempt. The same held true when the Trustee sold the Debtor's real estate. [Dkt. No. 120-1 ¶31]. The Order entered by the Court on the Trustee's Motion to sell the Debtor's real estate held that "[p]ursuant to 11 U.S.C. 522(c), the Debtor is not entitled to an exemption in the proceeds of the sale . . . ." [Dkt. No. 127 ¶16].

---

[1] The *Celentano* decision was also cited to, and relied upon, in *In re Hays*, Case No. 15-20727 (Bankr. D. Colo. March 28, 2020). However, this is an unpublished opinion unavailable in LexisNexis. It is cited to in *In re Barrera*, 620 B.R. 645 (Bankr. D. Colo. 2020).

Hon. Vincent F. Papalia
July 13, 2021
Page 5

The Trustee has contacted counsel for the I.R. S. who affirmed that the I.R.S.'s position here is the same as it was as to the sale of the Debtor's real estate.

## **CONCLUSION**

For the above-stated reasons, the Court should deny the Debtor's Motion to Compel Abandonment of the Vehicles.

Respectfully yours,

*Steven A. Jayson*

Steven A. Jayson, Esq.

cc: Michelle Labayen, Esq., Counsel for Alicia Jones (*via CM/ECF and email*)